IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
Eastern Division

| | |
|---|---|
| THE UNITED STATES OF AMERICA ) <br> and THE STATE OF MISSISSIPPI,  ) <br> ) <br> Plaintiffs,  ) <br> )  Case No. 2:20-cv-158-KS-MTP <br> v.  ) <br> ) <br> THE CITY OF HATTIESBURG, MISSISSIPPI,  ) <br> ) <br> Defendant.  ) | |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency (EPA), and the State of Mississippi, by and through the Mississippi Commission on Environmental Quality, acting through the Mississippi Department of Environmental Quality (MDEQ), hereby allege as follows:

## NATURE OF ACTION

1. This is a civil action for injunctive relief and penalties brought under Sections 309(b) and 309(d) of the Clean Water Act (CWA or "the Act"), 33 U.S.C. §§ 1319(b) and 1319(d), and under the Mississippi Air and Water Pollution Control Law (MAWPCL) (Miss. Code Ann. §§ 49-17-1 through 49-17-43), against the Defendant, the City of Hattiesburg, Mississippi for unauthorized discharges of pollutants from its wastewater collection and transmission system

1

(WCTS) in violation of Section 301 of the Act, 33 U.S.C. § 1311, and for violations of conditions established in the National Pollutant Discharge Elimination System (NPDES) permits issued to Hattiesburg by MDEQ pursuant to its EPA-approved permit program under Section 402 of the Act, 33 U.S.C. § 1342.

## JURISDICTION, AUTHORITY, VENUE, AND NOTICE

2. This Court has subject matter jurisdiction over this action pursuant to Section 309(b) of the Act, 33 U.S.C. §§ 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355, and over the Parties. This Court has supplemental jurisdiction over the State law claims under the MAWPCL pursuant to 28 U.S.C. § 1367(a) because the State law claims are related to the federal law claims and form part of the same case or controversy.

3. The United States has authority to bring this action on behalf of the Administrator of EPA under Section 506 of the Act, 33 U.S.C. § 1366. MDEQ has the authority to bring this suit on behalf of the State of Mississippi in accordance with Miss. Code Ann. §§ 49-2-13, 49-2-21, 49-17-17, and 49-17-43 and the common law of Mississippi.

4. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1391(b) and 1395(a), because it is the judicial district where Hattiesburg is located and where the alleged violations occurred.

5. Notice of the commencement of this action has been provided to the State of Mississippi pursuant to Section 309(b) of the Act, 33 U.S.C.

§ 1319(b).  The State of Mississippi joins this action as a plaintiff, thereby satisfying the requirements of Section 309(e) of the Act, 33 U.S.C. § 1319(e).

## DEFENDANT CITY OF HATTIESBURG

6.      Defendant Hattiesburg is a "city" within the meaning of Miss. Code Ann. § 21-1-1 and was incorporated in 1884.  Hattiesburg is also a "municipality" as that term is defined by Section 502(4) of the Act, 33 U.S.C. § 1362(4), and under state law.  The City of Hattiesburg is located in both Forrest and Lamar Counties.

## CLEAN WATER ACT AND MAWPCL STATUTORY REQUIREMENTS

7.      Section 301(a) of the Act, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant by any person to waters of the United States, except in compliance with certain sections of the Act, including, where applicable, an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

8.      Section 402(a) of the Act, 33 U.S.C. § 1342(a), provides that the permit-issuing authority may issue an NPDES permit which authorizes the discharge of any pollutant, but only in compliance with the applicable requirements of Section 301 of the Act, 33 U.S.C. § 1311, and such other conditions as the EPA Administrator determines are necessary to carry out the provisions of the Act.

9.      Section 402(b) of the Act, 33 U.S.C. § 1342(b), provides that EPA may approve a state NPDES permitting program.  The State, through MDEQ, is authorized to issue NPDES permits in Mississippi, and does so in accordance with the MAWPCL, Miss. Code Ann. §§ 49-17-1 *et seq.*, and Commission Regulations

Water Quality Criteria for Intrastate, Interstate, and Coastal Waters, WPC-1 and WPC-2.  The State has been authorized by EPA to administer its NPDES permit since May 1, 1974.

10. Section 309(b) of the Act, 33 U.S.C. § 1319(b), authorizes the EPA Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person is in violation of Section 301 of the Act, 33 U.S.C. § 1311, or any permit condition or limitation in an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.  The MAWPCL provides similar authority to MDEQ at Miss. Code Ann. § 49-17-43(2).

11. Section 309(d) of the Act, 33 U.S.C. § 1319(d), and the Civil Monetary Penalty Inflation Adjustments set forth at 40 C.F.R. § 19.4, establish maximum civil penalties for violations of Section 301 or violations of conditions of a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.  The maximum civil penalty per day per violation of the CWA is $32,500 for violations occurring after March 15, 2004 through January 12, 2009; $37,500 between January 13, 2009 through on or before November 2, 2015; and $55,800 for violations occurring after November 2, 2015.

12. Miss. Code Ann. § 49-17-29(2) prohibits any person "to cause pollution of any waters of the state or to place or cause to be placed any wastes in a location where they are likely to cause pollution of any waters of the state" without a valid permit.  Miss. Code Ann. § 49-17-43(1) provides that it is illegal to violate any permit provision.

13. The MAWPCL provides that any person that violates the MAWPCL is subject to a civil penalty of up to $25,000 per day per violation. Miss. Code Ann. § 49-17-43(1). Polluters or violators can also be liable for damages including state investigation and enforcement costs, removing any pollution, and compensation for loss of wildlife, fish, aquatic life and any other actual damages caused by the pollution or violation. Miss. Code Ann. § 49-17-43(3) and (4).

## GENERAL ALLEGATIONS

### A. The City and its Wastewater Collection and Transmission System

14. Hattiesburg is a municipality. It is a city created by or pursuant to Mississippi law and has jurisdiction over disposal of sewage, industrial wastes, and other wastes. Because Hattiesburg is a municipality, at all times relevant herein, Hattiesburg is a "person," within the meaning of Section 502(5) of the Act, 33 U.S.C. § 1362(5) and Miss. Code Ann. § 49-17-5(3)(b).

15. The City's Wastewater Collection and Transmission System ("WCTS") transports wastewater to the City's two wastewater treatment plants ("WWTPs"), the Hattiesburg South Wastewater Treatment Plant ("South Lagoon") and the Hattiesburg North Wastewater Treatment Plant ("North Lagoon"). At all times relevant herein, Hattiesburg has owned and operated the South Lagoon WWTP located at 1903 East Hardy Street, and the North Lagoon WWTP located at 3401 Lakewood Road, and the associated WCTS, which receive and treat wastewater from residential, commercial, and industrial sources

within Hattiesburg.  The WCTS includes gravity sewer lines, force mains, lift stations, pump stations, and manholes.

16. Hattiesburg is responsible for the operation and maintenance of its WCTS, including approximately 305 miles of sanitary sewer lines and 75 sanitary sewer lift stations, and associated appurtenances.  Hattiesburg's WCTS are operated subject to NPDES permits issued under Section 402(b) of the Act, 33 U.S.C. § 1342 and Miss. Code Ann. § 49-17-29, authorizing the discharge of pollutants from a designated outfall into the Leaf River (South Lagoon permit) and from a designated outfall into the Bouie River (North Lagoon permit) in compliance with the conditions and limitations of those permits.

17. The City is the named permittee for NPDES permits associated with its WCTS, NPDES Permit Numbers MS0020303 (South Lagoon) & MS0020826 (North Lagoon).  Hattiesburg is permitted to discharge treated sewage from its South Lagoon through a single designated outfall into the Leaf River (Hydrologic Unit Code (HUC) 03170005) and from its North Lagoon through a single designated outfall into the Bouie River (HUC 03170004), in accordance with conditions set forth in the permits.  The Bouie River (also known as the Bowie River) is a major tributary of the Leaf River.  The Leaf River flows to the Pascagoula River (HUC 03170006) and eventually to Pascagoula Bay before entering the Gulf of Mexico.

18. The Hattiesburg WCTS includes discernible, confined and discrete conveyances, including but not limited to any pipe, ditch, channel, tunnel,

conduit, well, discrete fissure, or container from which pollutants are or may be discharged.

**B.    Sanitary Sewer Overflows**

19.    On hundreds of occasions since 2007, Hattiesburg admits it has released untreated sewage from its WCTS at locations other than the permitted WWTP outfalls. Such releases from a collection system are referred to as "sanitary sewer overflows" or "SSOs."

20.    On multiple occasions, Hattiesburg admits that SSOs constituting "discharges of pollutants," within the meaning of 33 U.S.C. § 1362(12), discharged from the Hattiesburg WCTS to the Leaf River, the Bouie River, and perennial tributaries of these rivers.

21.    The Leaf River and the Bouie River and their perennial tributaries, such as Gordon's Creek, are "navigable waters" and "waters of the United States" under Section 502(7) of the Act, 33 U.S.C. § 1362(7), and also waters of the State of Mississippi.

22.  The MAWPCL defines "pollution" as "such contamination, or other alteration of the physical, chemical or biological properties, of any waters of the state, including change in temperature, taste, color, turbidity, or odor of the waters, or such discharge of any liquid, gaseous, solid, radioactive, or other substance or leak into any waters of the state unless in compliance with a valid permit issued therefor by the Permit Board." Miss. Code Ann. § 49-17-5(1)(a).

23.    "Waters of the state" is defined in Miss. Code Ann. § 49-17-5(1)(f), as "all waters within the jurisdiction of [the State of Mississippi],

including all streams, lakes, ponds, impounding reservoirs, marshes, watercourses, waterways, wells, springs, irrigation systems, drainage systems, and all other bodies or accumulations of water, surface and underground, natural or artificial, situated wholly or partly within or bordering upon the state . . . except lakes, ponds or other surface waters which are wholly landlocked and privately owned, and which are not regulated under" the Clean Water Act.

24. At times relevant herein, Hattiesburg has caused pollution by the discharge of untreated wastewater including, but not limited to, sewage, from its WCTS.

25. At times relevant herein, Hattiesburg has caused pollution by the discharge untreated sewage into "waters of the state" … and has placed "wastes" in locations where they are likely to cause pollution of "waters of the state." Miss. Code Ann. § 49-17-29(2).

26. Pursuant to Miss. Code Ann. § 49-17-5(1)(b), "wastes" means sewage, industrial wastes, oil field wastes, and all other liquid, gaseous, solid, radioactive, or other substances which may pollute or tend to pollute any waters of the state.

## C. Permit Conditions

27. Pursuant to Section 402(a) of the Act, 33 U.S.C. § 1342(a), and Miss. Code Ann. § 49-17-29, MDEQ issued Hattiesburg NPDES permits subject to certain limitations and conditions set forth in the NPDES permits.

28. At all relevant times herein, Hattiesburg's NPDES permit for the North Lagoon has authorized Hattiesburg to discharge treated municipal

wastewater from North Lagoon Outfall 001 into the Bouie River, subject to certain limitations and conditions set forth in the permit.[1]  At all relevant times herein, Hattiesburg's NPDES permit for the South Lagoon has authorized Hattiesburg to discharge treated municipal wastewater from South Lagoon Outfall 001 into the Leaf River, subject to certain limitations and conditions set forth in the permit.[2]

29.    Hattiesburg's NPDES permits require Hattiesburg at all times to properly operate, maintain, and when necessary, promptly replace all facilities and systems of collection, treatment and control (and related appurtenances) which are installed or used by Hattiesburg to achieve compliance with the conditions of the permit.  Proper replacement includes maintaining an adequate inventory of replacement equipment and parts for prompt replacement when necessary to maintain continuous collection and treatment of wastewater.  This provision requires the operation of back-up or auxiliary facilities or similar systems that are installed by Hattiesburg only when the operation is necessary to achieve compliance with the conditions of the NPDES permit.  The "Proper Operation, Maintenance and Replacement" requirement is a condition of Hattiesburg's NPDES permits.  *See* Condition No. T-28 of the 2015 North

---

[1] The North Lagoon NPDES permit covering the actions subject to this Complaint was previously issued to Hattiesburg by MDEQ on June 7, 2010, and expired on May 31, 2015.  The 2015 North Lagoon NPDES permit was issued to Hattiesburg by MDEQ on October 14, 2015, and was in effect at least through July 31, 2020.  The City has submitted an application for another permit.

[2] The South Lagoon NPDES permit covering the actions subject to this Complaint was previously issued to Hattiesburg by MDEQ on June 7, 2010, and expired on May 31, 2015.  The 2015 South Lagoon NPDES permit was issued to Hattiesburg by MDEQ on August 19, 2015, and was in effect at least through July 31, 2020.  The City has submitted an application for another permit.

Lagoon NPDES permit and Condition No. T-28 of the previous permit.  *See* Condition No. T-30 of the 2015 South Lagoon NPDES permit and T-28 of previous permit.

30. Hattiesburg's NPDES permits require Hattiesburg to report noncompliance with the permit to MDEQ.  The "Noncompliance Notification - Twenty-Four Hour Reporting" condition requires reports of noncompliance including sanitary sewer overflows which may endanger health or the environment to be provided orally within 24 hours from the time Hattiesburg becomes aware of the circumstances, and in writing within five days of the time Hattiesburg becomes aware of the circumstances.  The "Noncompliance Notification - Other Noncompliance" condition requires Hattiesburg to report all instances of noncompliance not reported under the 24-hour reporting requirements, at the time monitoring reports are submitted or within 30 days from the end of the month in which the noncompliance occurs.  Additional reporting is required under the "Noncompliance Notification - Other Information" condition. *See, e.g.,* Condition Nos. S-4, S-5, and S-6 of the 2015 and previous North Lagoon and South Lagoon NPDES permits.

**FIRST CLAIM FOR RELIEF**
**UNAUTHORIZED DISCHARGES FROM WASTEWATER**
**COLLECTION AND TRANSMISSION SYSTEM**

31. Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32. On numerous occasions between February 2007 and the date this Complaint is filed, Hattiesburg discharged untreated sewage to waters of the

United States and waters of the State from locations within its WCTS which were not authorized by an NPDES permit.

33. Discharges referred to in the Paragraph above each constituted a discharge of pollutants from a point source to waters of the United States and waters of the State, without authorization under an NPDES permit or other exception specified in Section 301(a) of the Act, 33 U.S.C. § 1311(a), in violation of CWA Section 301, 33 U.S.C. § 1311, and Miss. Code Ann. § 49-17-29(2).

34. Each day of each unauthorized discharge by Hattiesburg referred to in Paragraph 32 constitutes a separate violation of CWA Section 301, 33 U.S.C. § 1311, and Miss. Code Ann. § 49-17-29(2).

35. Pursuant to Section 309(d) of the Clean Water Act, 33 U.S.C. §1319(d), and 40 C.F.R. § 19.4, Hattiesburg is liable for civil penalties not to exceed $37,500 per day for each violation that occurred after January 12, 2009 through November 2, 2015, and not to exceed $55,800 per day for each violation that occurred after November 2, 2015. Under Miss. Code Ann. § 49-17-43, Hattiesburg is liable for a civil penalty of up to $25,000 per day during which a violation of Miss. Code Ann. § 49-17-29 occurs.

36. Unless restrained by an order of the Court, Hattiesburg will continue to violate CWA Section 301, 33 U.S.C. § 1311, and Miss. Code Ann. § 49-17-29, by discharging untreated sewage from unpermitted and unauthorized discharge points within its WCTS to waters of the United States and waters of the State.

## SECOND CLAIM FOR RELIEF
## PLACEMENT OF WASTE IN LOCATIONS LIKELY TO CAUSE POLLUTION OF STATE WATERS—STATE ONLY CLAIM

37. Paragraphs 1 through 30 are realleged and incorporated herein by reference.

38. On numerous occasions between February 2007 and the date this Complaint is filed, Hattiesburg has allowed overflows of untreated sewage to occur from various locations within its WCTS which were not authorized by an NPDES permit.

39. As a result of several of those sanitary sewer overflows, Hattiesburg placed or caused to be placed untreated sewage in locations where such sanitary sewage overflows are likely to cause pollution of any waters of the state.

40. Each day of such placement of untreated sewage by Hattiesburg referred to above constitutes a separate violation of Miss. Code Ann. § 49-17-29(2).

41. Under Miss. Code Ann. § 49-17-43, Hattiesburg is liable for a civil penalty of up to $25,000 per day during which a violation of Miss. Code Ann. § 49-17-29 occurs.

42. Unless restrained by an order of the Court, Hattiesburg will continue to violate Miss. Code Ann. § 49-17-29, by placing or causing to be placed sanitary sewer overflows where they are likely to cause pollution to waters of the state.

## THIRD CLAIM FOR RELIEF
### <u>FAILURE TO COMPLY WITH PERMIT CONDITION -<br>PROPER OPERATION AND MAINTENANCE</u>

43. Paragraphs 1 through 30 are realleged and incorporated herein by reference.

44. On hundreds of occasions between February 2007 and the date this Complaint is filed, Hattiesburg has allowed overflows of untreated sewage to occur from various points within its WCTS. Many of the sanitary sewer overflows that occurred are a result of blockages, line breaks, excessive infiltration and inflow, and other deficiencies, arising from the City's failure to properly operate and maintain its WCTS.

45. On numerous occasions since February 2007, Hattiesburg failed to comply with the "Proper Operation, Maintenance and Replacement" condition of its NPDES permits by failing to properly operate and maintain its WCTS, as evidenced by the overflows and discharges referred to in Paragraphs 32, 40, and 44.

46. Each day Hattiesburg failed to comply with the "Proper Operation, Maintenance and Replacement" permit condition constitutes a separate violation of the CWA and of Miss. Code Ann. § 49-17-43(1).

47. Pursuant to Section 309(d) of the Clean Water Act, 33 U.S.C. §1319(d), and 40 C.F.R. § 19.4, Hattiesburg is liable for civil penalties not to exceed $37,500 per day for each violation that occurred after January 12, 2009 through November 2, 2015, and not to exceed $55,800 per day for each violation that occurred after November 2, 2015. Under Miss. Code Ann. § 49-17-43(1),

Hattiesburg is liable for a civil penalty of up to $25,000 per day during which a violation of its NPDES permit occurs.

48. Unless restrained by an order of the Court, Hattiesburg will continue to violate the CWA and the MAWPCL by failing to properly operate and maintain its WCTS.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO COMPLY WITH PERMIT CONDITIONS -
### FAILURE TO REPORT SANITARY SEWER OVERFLOWS

49. Paragraphs 1 through 30 are realleged and incorporated herein by reference.

50. The NPDES permits for the Hattiesburg sewer system contain the following noncompliance notification requirements: "Noncompliance Notification - Twenty-Four Hour Reporting," "Noncompliance Notification - Other Noncompliance," and "Noncompliance Notification - Other Information."

51. On numerous occasions since at least January 1, 2012, Hattiesburg failed to provide the required notification to MDEQ within the timeframes specified by the NPDES permits, of sanitary sewer overflows from its WCTS that were not authorized by the NPDES permits.

52. Each day that Hattiesburg failed to comply with the reporting provisions of its NPDES permits constitutes a separate violation of the CWA and of Miss. Code Ann. § 49-17-43(1).

53. Pursuant to Section 309(d) of the Clean Water Act, 33 U.S.C. §1319(d), and 40 C.F.R. § 19.4, Hattiesburg is liable for civil penalties not to exceed $37,500 per day for each violation that occurred after January 12, 2009

through November 2, 2015, and not to exceed $55,800 per day for each violation that occurred after November 2, 2015. Under Miss. Code Ann. § 49-17-43, Hattiesburg is liable for a civil penalty of up to $25,000 per day during which a violation of its NPDES permit occurs.

54. Unless restrained by an order of the Court, Hattiesburg will continue to violate the reporting provisions of its NPDES permits in violation of the CWA and the MAWPCL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the State of Mississippi request that the Court enter judgment on their behalf as follows:

A. Pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), and Miss. Code Ann. § 49-17-43, order Hattiesburg to undertake a program to achieve permanent and consistent compliance with all terms and conditions of its NPDES permits, the Clean Water Act, the Mississippi Air and Water Pollution Control Act, and the regulations promulgated thereunder for its sewer system;

B. Pursuant to Section 309(d) of the Act, 33 U.S.C. § 1319(d) and 40 C.F.R. § 19.4, assess civil penalties against Hattiesburg of up to $37,500 per day for each violation between January 13, 2009 and November 2, 2015, and up to $55,800 per day for each violation occurring after November 2, 2015; and pursuant to Miss. Code Ann. § 49-17-43, assess civil penalties of up to $25,000 per day for each violation of Miss. Code Ann. §§ 49-17-29 and 49-17-43(1); and

C. Grant the United States and the State of Mississippi such other relief as the Court deems appropriate.

Respectfully submitted,

BRUCE S. GELBER
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

/s/ Valerie K. Mann
VALERIE K. MANN
Trial Attorney
DC Bar Number 440744
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044
Telephone: (202) 616-8756
Fax: (202) 514-0097
Email: valerie.mann@usdoj.gov
Lead Counsel

OF COUNSEL:
Suzanne Armor
Associate Regional Counsel
U.S. EPA, Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303
(404) 562-9701

ATTORNEYS FOR THE PLAINTIFF UNITED STATES (CONTINUED):

                                        D. MICHAEL HURST, JR.
                                        United States Attorney for the
                                        Southern District of Mississippi

                                        <u>/s/ Jennifer Case</u>
                                        JENNIFER CASE
                                        MS Bar No. 104238
                                        Assistant United States Attorney
                                        Southern District of Mississippi
                                        501 East Court Street, Suite 4.430
                                        Jackson, Mississippi 39201
                                        Telephone: (601) 965-4480
                                        Email: JCase2@usa.doj.gov

ATTORNEY FOR PLAINTIFF STATE OF MISSISSIPPI BY AND THROUGH THE MISSISSIPPI COMMISSION ON ENVIRONMENTAL QUALITY AND THE MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY:

*Gretchen Zmitrovich*
GRETCHEN L. ZMITROVICH
MS Bar ID No. 101470
Senior Attorney
Office of Pollution Control
Mississippi Department of Environmental Quality
P.O. Box 2261
Jackson, MS 39225
Telephone: (601) 961-5050
Fax: (601) 961-5674
Email:  GZMITROVICH@mdeq.ms.gov